By the Court,
Co wen, J.
Had the plaintiff below brought assumpsit, he would have been entitled to the agreed price; subject, perhaps even then, however, to a deduction, if it should turn out in proof that the notes were of less value; for the payment was not to be in cash, but the specific notes of certain persons.(a)
The plaintiff below,, however, disaffirmed the contract of sale, as he had a right to do, and treated the defendant as having wrongfully converted the goods to his own use. The action was- trover, which goes for the actual value with interest. The defendant was a clear wrong-doer, and seems to have acted without excuse, in refusing- to deliver either the notes or the goods as he agreed. Yet I do not perceive any principle upon which he was estopped to question the value of the goods. Take even a stronger case: the vendee agrees to return a horse to the vendor if the former do not pay $100; and that, in the meantime, the property shall, not be deemed to pass. He refuses to return the horse,, and is sued in trover, the horse not being worth $10. The vendor thus throws his contract entirely away, and must content himself with the $10. To be sure the proof of inferiority must be quite strong, before a *134 jury would, under, such circumstances, be warranted in allowing a deduction. The agreement of parties on the price would be high evidence of value; but even in such case, there is no rule that I am aware of, which would estop the defendant from showing the truth. The plaintiff waives that form of action (assumpsit,) under which the defendant would indeed be estopped, if every thing was fair on the part of the plaintiff. In trover, he says, “ I want the specific goods,” and it is quite common for the court to make a rule stopping the action, on a redelivery and payment of costs. (Vid. 2 Wheat. Selw. 1417.) • I think the judgment of the court below should .be reversed, and a venire de nova to go from that court; the costs to abide event.
Ordered accordingly.

(a) See Pinney v. Gleason, 5 Wend, 393, 395, et seq.